# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SCOTT HENDRIX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No: _____ |
| vs. ) | |
| ) | |
| LIBERTY MUTUAL INSURANCE ) | |
| COMPANY ) | JURY TRIAL REQUESTED |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL AND JURY DEMAND
**[28 U.S.C. § 1332; 28 U.S.C. § 1441; 28 U.S.C. § 1446]**

Pursuant to 28 U.S.C. § 1332, 1441, and 1446, Defendant Liberty Mutual Insurance ("Liberty Mutual") files its Notice of Removal of this case from the Circuit Court of the County of St. Louis, Missouri. Liberty Mutual's short and plain statement of the grounds for removal is as follows:

1.  On or about November 27, 2018, Plaintiff Scott Hendrix ("Plaintiff") filed an action against Liberty Mutual in the Circuit Court of the County of St. Louis, Missouri, alleging a breach of contract and purporting to seek recovery for vexatious penalties pursuant to Section 375.420, RSMo. *See* Exhibit A, Petition.

2.  On December 20, 2018, Plaintiff served Liberty Mutual. *See* Exhibit A; Exhibit B, Declaration of Nicholas R. Daugherty, ¶ 5.

3.  Liberty Mutual has filed its notice of removal within the thirty (30) day time frame allowed pursuant to 28 U.S.C. § 1446(b). Accordingly, this Notice of Removal is timely filed.

1

4. As required by 28 U.S.C. § 1446(a), copies of all "process, pleadings and orders" served upon Liberty Mutual are attached hereto as Exhibit A to this Notice of Removal.

5. Any civil action filed in state court over which the federal district courts would have original jurisdiction may be removed. 28 U.S.C. § 1441(a). Plaintiff claims entitlement to insurance proceeds under an automobile policy due to an accident that occurred on September 25, 2015. *See* Exhibit A, Petition, ¶ 4. Plaintiff has asserted a claim against Liberty Mutual for breach of contract and seeks to recover statutory penalties for Liberty Mutual's alleged vexatious refusal to pay insurance proceeds. *See* Exhibit A, Petition, ¶ 9. As stated below, this case is removable because this Court has original subject matter jurisdiction on diversity grounds pursuant to 28 U.S.C. § 1332(a)(1).

## GROUNDS FOR REMOVAL

6. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because "the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs," and all properly joined defendants are "citizens of different States." 28 U.S.C. § 1332(a)(1).

**A.     Plaintiff And Defendant Are Citizens Of Different States.**

7. 28 U.S.C. § 1332(a) provides, in part, that:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

(1) citizens of different states[.]

8. Complete diversity of citizenship exists between Plaintiff and Liberty Mutual, as they are citizens of different states.

9. At the time of filing the Petition, Plaintiff was a resident of Dexter, Missouri and therefore is a citizen of the State of Missouri. *See* Exhibit B, Declaration of Nicholas R.

2

Daugherty, at ¶ 6.  Therefore, Plaintiff is a resident and citizen of the State of Missouri, and not a citizen of Massachusetts.

10. Liberty Mutual is a foreign insurance company organized and existing under the las of the State of Massachusetts with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116.  *See* Exhibit B, Declaration of Nicholas R. Daugherty, at ¶ 3.  Therefore, Liberty Mutual is a citizen of Massachusetts, and not a citizen of Missouri.

11. Consequently, Plaintiff and Liberty Mutual are citizens of different states as required by 28 U.S.C. § 1332(a)(1).

**B.     The amount in controversy exceeds $75,000 exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).**

12. The amount in controversy in this case exceeds $75,000, satisfying the requirements of 28 U.S.C. § 1332(a).  Plaintiff's Petition asserts that Liberty Mutual issued three policies which were allegedly in effect at the time of the subject accident, and which allegedly contain underinsured motorist coverage.  Exhibit A, Petition, ¶ 2–3.  From the face of the Petition, Plaintiff asserts that he recovered $25,000 from the liability carrier of the purportedly negligent tortfeasor as a result of the subject accident, but that his damages "far exceed the limit of liability insurance tendered."  Exhibit A, Petition, ¶¶ 6, 8.  Specifically, Plaintiff claims that he "has incurred medical expenses in the approximate sum of $250,000.00 to date and will continue to incur additional medical expenses in the future."  Exhibit A, Petition, ¶ 7.  Accordingly, from Plaintiff's claim for medical expenses alone, Plaintiff seeks entitlement to at least $225,000, representing the difference between claimed medical expenses and the liability limit recovered from the other driver.  Plaintiff additionally alleges that "[h]e has suffered a loss of earnings in a sum not yet determined and will be caused to undergo such losses in the future."  Exhibit A, Petition, ¶ 7.  Moroever, Plaintiff's Petition seeks recovery for attorneys' fees and statutory

3

penalties pursuant to Section 375.420, RSMo.  Exhibit A, Petition, "WHEREFORE" Paragraph; s*ee Young v. State Farm Fire & Cas. Co.*, No. 4:08CV1891MLM, 2010 WL 173832 at *2 (E.D. Mo. Jan. 15, 2010) (noting that an amount of attorney's fees, authorized by Missouri's vexatious refusal statute, for which Plaintiff might reasonably be entitled to recover is considered in determining the amount in controversy).

13. Consequently, the amount in controversy exceeds $75,000, satisfying the requirements of 28 U.S.C. § 1332(a).

**C.  Removal To This District Is Proper.**

14. By reason of the amount in controversy and the complete diversity of citizenship of the parties, the action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).

15. Pursuant to the provisions of 28 U.S.C. § 1441(a), the United States District Court for the Eastern District of Missouri is the federal district court embracing the place where the state court suit is pending and the cause of action arose.

16. Defendant Liberty Mutual Insurance Company has complied with applicable requirements of 28 U.S.C. § 1446, and is promptly giving notice of this removal to Plaintiff and the District Court of the County of St. Louis, Missouri.  Pursuant to 28 U.S.C. § 1446(d) and Local Rule 2.03, Liberty Mutual will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the County of St. Louis, Missouri.  *See* Exhibit C, Filing Confirmation.  As indicated in the Certificate of Service below, Liberty Mutual has served a copy of this Notice of Removal on counsel for Plaintiff.

17. Liberty Mutual reserves the right to amend or supplement this Notice of Removal.

18. Liberty Mutual reserves all defenses.

WHEREFORE, Defendant Liberty Mutual Insurance Company states that it has divested the state court of jurisdiction by filing with that court a Notice of Filing this Notice of Removal, and requests that this Court proceed with adjudication of this matter.

## **DEMAND FOR JURY TRIAL**

Defendant Liberty Mutual Insurance Company demands a trial by jury on all issues triable by a jury herein.

Respectfully submitted,

**SEYFERTH BLUMENTHAL & HARRIS LLC**

*/s/ Bruce A. Moothart*
Bruce A. Moothart, MO Bar # 45517
4801 Main Street, Suite 310
Kansas City, Missouri 64112
(816) 756-0700 (Telephone)
(816) 756-3700 (Facsimile)
bruce@sbhlaw.com

*Attorney for Defendant Liberty Mutual Insurance Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 17, 2019, the foregoing was filed with the Clerk of the Court using the CM/ECF System, which sent electronic notice of the filing to all counsel of record.  The undersigned further certifies that a true and accurate copy of this Notice of Filing Notice of Removal was served on counsel for Plaintiff, at the address below, via United States mail, postage prepaid, on January 17, 2019.

Matthew J. Padberg, Mo. Bar #31431
Theresa A. Appelbaum, Mo. Bar #45706
1926 Chouteau Avenue
St. Louis, Missouri 63103
Telephone: (314) 621-2900
Facsmile: (314) 621-7607
mjp@padberglaw.com
taa@padberglaw.com

***Attorneys for Plaintiff***

                                        */s/ Bruce A. Moothart*_____
                                        ***Attorney for Defendant Liberty Mutual Insurance Company***